Judge Owslev
delivered the opinion of the court.
This is an appeal from a decree of the court below, dismissing the appellants’ bill, brought to obtain from the ap-pellees a surrender of the legal title to the land in contest.
The superior equity is asserted by. the appellants, under an entry made in the name of their ancestor, Thomas Elliot, but which they admit was, afíér being entered by them for taxation, sold for the non-payment thereof, by the sheriff, and transferred by him to the appellee, Young. But as the sale was made whilst part of them were infants, they contend that it is. not binding, and insist upon their right not only to compel the appellee, Young, to Surrender his claim derived under the sale by the sheriff, but moreover contend, that the other appellees, claiming under *473 ádverse entries, should also be compelled to surrender their elder titles to the superior equity of the appellants, deduced through the entry of Elliot.
The land claimed by the appellants, being thus admitted to have been sold and transferred by the sheriff, it follows, that unless the sale of that officer can be avoided, the appellees cannot, in the present contest, be compelled to surrender their elder title; — so that the first question that seems properly to demand the attention of this court, involves an en-quiry into the authority of the sheriff to make the sale.
And in making this enquiry, it is important to understand, correctly, the allegations of the appellants’ bill, as to the time when the sale must be understood to have been made; for as its legal effect must be determined by the laws then in force, it is plain, that neither laws subsequently enacted or previously repealed, should, in any respect, control the right of those deducing their claim under the sale.
That the sale must be understood to have been made between the commencement of the year 1795, and November, 1798, we apprehend, from a strict attention to the allegations of the appellants’ bill, there can be no doubt.
That it was made before November, 1798, is perfectly clear; for it is not only alledged that the appellee, Young, after he became the purchaser, caused a survey to be made, but by the certificate of that survey, it, moreover, appears to have been executed in November, 1798. And that it was intended to alledge the sale was made since 1795, there is, w'e apprehend, as little room to controvert. By contesting the validity of the sale, upon the single ground of the appellants’ infancy, they certainly must be understood as admitting the authority of the sheriff to sell the lands of those of full age, for the non-payment of taxes, and as, according to the laws then in force, sheriffs were not permitted to sell anterior to 1795, it follows, pretty conclusively, that it was intended to alledge the sale, to have been made since that period.
Assuming, then, that the sale was made between the years 1795 and l79\ it results that, the question of authority in the sheiriff to sell, turns exclusively upon the import of the act of December, 1794: (1 Littell, 265.)
The revenue laws, previously enacted, (1 Littell, 71,) it is true, contains a provision in relation to the forfeiture of lands on account of failure to entsr and pay the taxes, but as bv the first section of the act of 1794, that provision fe *474 expressly repealed, it is obvious the act of 1799 ought nqif andcwmot, bear upon the validity of the sale.
The (l Lit °2551 dyes „ot pro. tect ligands ion ihe**non-pay-0i<" n.cnt of taxes, but it pi elands* cf ⅛¶ -Fains fi*o:r) forfeiture,for °mer"f’them ⅜ taxation
Testing the case, them by the act of 1794, we can havd little hesitation in affirming that the sheriff, notwith-standi«S part of the appellants may have been infants, had complete authorityto sell the land,
That part of the act which enjoins upon the sheriff the of taxes, and prescribes his duty in making sale contains no reservation, in favor of infants, or any others, whose lands have been entered for taxation,
j?ut it is contended that the lands of infants should be construed not to come within the operation Of the act, as well on account of the general indulgence which, upon the principles of the common law, is extended towards them, aS ^r0in the of the second section of the act.
That section, after declaring a forfeiture of all lands not entered for taxation according to its provisions, contains, moreover, a proviso, that nothing therein contained shall be construed to extend to the lands Of infants, &c.
By this proviso, we cannot, however, suppose the legislature intended to Save the fights of infants against any other neglect than that of not entering their lands for taxation.
In terms, the proviso certainly extends to none others, and, by adopting it, the legislature have clearly indicated their understanding, that without it, the rights of infants could not, upon the common rules of construction, have beca saved from the forfeiture previously declared by tbe act; and by providing against the forfeiture in the special case of a failtire to enter lands for taxation, strongly implies aa intention not to protect the rights of infants from any other provisions In the act.
To confine the operation of the prof iso to that special case, may, indeed, not have been without its policy. Whilst it is admitted that the interest of infants should be carefully guarded by the legislative enactments of the country* it is certainly proper Jhat the privilege should be so controlled as not lo permit it to be made the instrument of injustice or injury toothers.
Whether those whose lands are exposed to sale for-the non-payment, of taxes be infants of not, from the hature of the thing, cannot be presumed to be known to others who may he disposed to purchase, and,'consequently, to protect an infant against the effects of such a sale, might, and ⅛ *475 ■éjtery case, probably, would, subject the purchaser to an irreparable loss; whereas, by confining the privilege to the failure to enter the land for taxation, without the voluntary act of the infant in making the entry, neither his interest, nor that of any other person, could, by the operation of the act, be in any respect affected.
Pope for appellants, Hardin contra.
The construction, therefore, thus calculated to protect the interest of purchasers, whilst it preserves the rights of infants, especially as it accords with the obvious import of the act, we have no hesitation to adopt. And upon such a construction, there is no doubt, but that the sheriff was authorised to sell the land claimed by the appellants.,
Having been divested of their interest in the land, therefore, by that sale, it is impossible they can be entitled to a surrender of the title from the appellees, and, consequently, the court below decided correctly in dismissing their bill.
The decree mnst be affirmed with cost.